## Morris *against* Phaler.

I w 389
144  287

The bequest of a general power of disposal, carries the absolute property wherever a limited interest is not given ; such power, being a principal attribute of ownership, necessarily implies the existence of it, wherever the implication is not rebutted by the bequest of a special interest inconsistent with it.

ERROR to the common pleas of *York* county.

This was an amicable action of debt by *Christian Phaler* against *Joseph Morris*, in which this special verdict was found.

On the 1st of November 1789, *John Shafer* made his will, by which he, among other things, devised to his wife *Christina* a house and half lot in the borough of York, to enjoy the same during her widowhood ; and in case she should remain his widow during her life, then said house and lot to be sold after her death, and the one half of the money arising therefrom he bequeathed unto the heirs and assigns of his said wife. The said *John* afterwards died, and said will was duly proved and allowed.

On the 23d of June 1830, the said *Christina* made her will, by which she directs her executors to sell her real estate and to pay one-fourth of the proceeds of such sale to *Christian Phaler*, the plaintiff in this suit. The said *Christina* afterwards died, and her said will was duly proved and allowed. At her death she left no real estate; nor had she any when she made her will. She left a small amount of personal estate, which was not sufficient to pay her debts. She died indebted to the plaintiff in the sum of fifty-five dollars.

The defendant became the administrator with her will annexed, and administered her personal estate according to law, but nothing remains of it in his hands to be applied to the debt due to the plaintiff, unless one half of the balance heretofore mentioned can be so applied.

The defendant also became the administrator *de bonis non* with the will of said *John Shafer* annexed, and after the decease of said *Christina,* sold the house and half lot in which she had her widowhood, by the will of said *John* as aforesaid, and of the proceeds thereof he now has in his hands a balance, after deducting the necessary expenses, of 406 dollars and 25 cents.

The said *Christina* remained the widow of said *John Shafer* during her life.

If the one half of the proceeds of said house and lot be not by law, under the will of said *John,* made subject to the debts of said *Christina ;* and the plaintiff be entitled under the wills of said *John* and *Christina* to the *one-fourth* of the *one half* of said proceeds : then judg-

[Morris v. Phaler.]

ment to be given for the plaintiff in this case for 46 dollars and 54 cents.

But if the same be subject to the debts of said *Christina,* then judgment to be given for plaintiff for 35 dollars and 63 cents, otherwise judgment for defendant.

The court below rendered a judgment for the plaintiff for 35 dollars and 63 cents.

*Evans,* for plaintiff in error cited, 3 *Binn.* 160; 2 *Cruise* 16, *ch.* 1, *pl.* 39; *Sugd. Pow.* 359; 4 *Kent. Com.* 328.

*Anderson,* for defendant in error, cited, 2 *Bl. Com.* 381, *note.*

The opinion of the Court was delivered by

GIBSON, C. J.—This case falls distinctly within a familiar principle. It is an undoubted rule that the bequest of a general power of disposal, carries the absolute property wherever a limited interest is not given. And the reason for it seems to be, that such a power, being a principal attribute of ownership, necessarily implies the existence of it wherever the implication is not rebutted by the bequest of a special interest inconsistent with it. The rule is well established by *Maskeyline* v. *Maskeyline,* *Amb.* 750, and *Nannock* v. *Horton,* 7 *Ves.* 392; and is particularly illustrated by *Robinson* v. *Dusgale,* 2 *Vern.* 181, a case closely resembling the present. There the testator having devised his land for life to B, remainder in fee to C on condition that he pay 400 pounds, of which he directed 200 pounds to be at the disposal of his wife by her will; it was decreed to her administrator on the ground that it had vested in her absolutely in her life time. Now what is the case before us? The testator devised to his wife a house and half lot of ground during her widowhood; together with a shop and other half lot of ground in fee. But in case she should marry, he ordered the house and half lot to be sold, and one half the proceeds to be given her absolutely; an arrangement which, as she remained a widow till her death, it is unnecessary to notice further than as it indicates an intent that she should have a disposable interest in the money on the happening of either contingency. For the actual event, he provided thus: "in case my said wife shall remain a widow during life, then I order my house to be sold as aforesaid, immediately after her decease; and the one half of the money arising therefrom, I give and bequeath to the heirs and *assigns* of my said wife." It is plain from the context, if not from the word "assigns," that she was to have power to dispose of a moiety at her death. Long subsequent to the date of her husband's will, she made her own, directing her debts to be paid out of her personal estate, her real estate to be sold by her executor, and a fourth of the proceeds to be given to the plaintiff. It has been taken for granted that this devise of her real estate, passed whatever interest she may have had in the proceeds of the house; and such undoubtedly was her intent,

[Morris v. Phaler.]

for at this time she had neither real estate nor any thing that savoured of it but her supposed interest in the price of this property ; and without allowing her will to operate on it, it can not operate at all. The defendant, her administrator with the will annexed, and also the administrator *de bonis non* of her husband with his will annexed, administered her personal estate according to law, no part of which remains in his hands to satisfy the plaintiff, who is also a creditor ; and he sold the house and half lot of ground in which she had her widowhood, the proceeds of which are in contest.    If the plaintiff can take as a legatee but exclusively under *her* will, there will be nothing to answer his legacy, and he will have to come in as a creditor *pari passu ;* but if he can take as her appointee, under her *husband's* will, he will come in as a legatee of the husband, and consequently by a title paramount to that of the widow or her creditors.    Now to measure this case by *Robinson* v. *Dusgale,* which it resembles : we have the devise of a freehold to the widow, with a superadded power to dispose of what ?    Not the freehold, but an entirely different thing— the value of the fee simple in cash.    This cash had not the remotest connexion with the freehold that preceded it, being essentially a different *corpus* and the product of a different estate, in which no limited interest had been given to the widow, the price of the fee not being the price of her freehold, which had been consumed in the enjoyment of it.    We have then precisely the case of *Robinson* v. *Dusgale,* except that the wife might there have possibly come into the actual receipt and fruition of the money in her life time, and that here she could not.    I see no difficulty, however, in that, or in supposing the incidents of a precedent ownership to exist after death, in relation to property from the enjoyment of which the owner was precluded in his life time.    Why should the vesting of the title be thought inconsistent with a restriction of the use ?    A chattel may undoubtedly be given on condition of forbearance to use it for a day or a month ; and if for a limited time, why not for life ?    The donee may in fact derive a valuable benefit from a gift thus limited, by being enabled to use his actual income the more freely, at least to the extent of the gift, being to that extent made secure of a fund for payment of his debts, or a provision for his family.    It would seem to me, therefore, that the title to half the price of this property was in the widow during her life ; and that it was subject to her debts at her death.

Judgment affirmed.