# Bolman *v.* Lohman.

| 79  | 63  |
| 106 | 659 |
| 109 | 442 |
| 79  | 63  |
| 131 | 632 |

*Bill in Equity for Foreclosure of Mortgage.*

1. *Devise of estate for life, without liability to account, and with general power of disposition.*—A devise and bequest of an express estate for life, with general power of disposition, and without liability to account, followed by a devise over of what may remain unused and undisposed of, vests in the first taker an absolute estate in fee simple.

2. *Construction of instrument partly written and partly printed.*—In the construction of an instrument partly written and partly printed, greater weight is to be attached to the written than the printed portions; but the instrument must be examined in its entirety, apparent discrepancies reconciled, if possible, and some operation given to each clause.

3. *Mortgage construed, as to default and forfeiture.*—A mortgage which

[Bolman v. Lohman.]

purports to be given as security for money loaned, made payable "on demand" by a printed clause, and on the further condition, expressed in writing, that the interest shall be paid semi-annually, and, on failure to pay the same, that the mortgage may be foreclosed for both principal and interest; and by which it is further provided, that the money loaned shall, on the death of the mortgagee, belong to the mortgagor if living, or to her surviving children in the event of her death before that time, and that the mortgage shall then be null and void,—does not contemplate or authorize foreclosure as to the principal, so long as the interest is paid as stipulated; and when diligent effort to pay promptly is shown, whether intentionally prevented by the act of the mortgagee, or defeated by unavoidable causes, a default and consequent forfeiture can not be claimed.

4. *Rights of tenant for life and remainder-men, on foreclosure of mortgage securing fund.*—On the foreclosure of a mortgage given to secure the payment of money loaned, when the mortgagee is only entitled to the interest during life, with remainder over on her death, the money should be paid into court, and so secured as to protect the rights of the remainder-men, while providing for the payment of the interest to the mortgagee.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 24th of July, 1883, by Mrs. Augusta Lohman, as the complainant described herself, though she was then the wife of Peter Kraft, against Mrs. Louisa Bolman; and sought the foreclosure of a mortgage on a certain lot in Mobile. The mortgage, a copy of which was made an exhibit to the bill, was dated December 1st, 1881, and was duly acknowledged before a notary public on the day of its date. Its material parts are copied in the opinion of the court. The property conveyed by it was held by Mrs. Bolman under the will of her deceased husband, John Bolman, which was duly proved and admitted to probate on the 13th of December, 1881, he having died three or four weeks before that time. The material provisions of said will are also copied in the opinion of the court. An amendment of the bill was allowed, which alleged that the $2,000 borrowed money, described in the mortgage, was used in paying off a former mortgage on the property in favor of Mrs. Frank, which had been given by Mrs. Bolman and her husband; and the complainant prayed, under appropriate allegations, to be subrogated to the rights conferred by this mortgage, if her own mortgage did not convey the entire interest in the property. This feature of the case was discussed on the former appeal (74 Ala. 507), but is immaterial as the case is now presented. By another amendment of the bill, Peter Kraft was joined as a complainant with his wife, and, by a subsequent amendment, he was made a defendant; but no question is now presented growing out of his rights or interest. An answer to the bill was filed by Mrs. Bolman, in which she stated the circumstances attend-

VOL. LXXIX.

[Bolman v. Lohman.]

ing the transaction in which the mortgage originated ; alleging that a greater part of the money said to have been loaned to her by the complainant was at the time on deposit in the banking house of T. P. Miller & Co. in their joint names, the interest only being payable to the complainant during her life ; that this deposit was withdrawn, and, a small sum being added to it, made up the sum of $2,000, on which she was to pay interest at six per cent. to the complainant during her life, while the principal sum was to belong to respondent, if she survived the complainant, or to her children if complainant survived her ; and she prayed that her answer might be taken as a cross-bill, and that the mortgage might be reformed so as to show the true contract and agreement between the parties. Other matters were also set up in the answer, which are not material as the case is here presented.

On final hearing, on pleadings and proof, the chancellor refused a reformation of the mortgage, overruled all the defenses set up, and rendered a decree foreclosing the mortgage as prayed. Mrs. Bolman appeals from this decree, and assigns each part of it as error.

F. G. BROMBERG, for the appellant, argued each of the assignments of error, and insisted—1st, that the evidence authorized a reformation of the mortgage ; 2d, that the mortgage, on its face, did not authorize a foreclosure as to the principal of $2,000, so long as the interest was paid ; 3d, that there was no default as to the interest, because payment was intentionally prevented by the complainant herself. He cited 1 Story's Equity, §§ 115, 140, 142, 152, 155, 159–60, 164, 251, 307, 308 ; *Berry v. Sowell*, 72 Ala. 17 ; *Larkins v. Biddle*, 21 Ala. 252 ; 13 Gray, 187, 373 ; Pom. Eq., § 852 ; 62 Wisc. 316 ; 1 Binn. 616 ; 6 S. & R. 172 ; 2 Johns. Ch. 585 ; *Dawson v. Burrus*, 73 Ala. 111 ; 2 Sch. & Lef. 474 ; *Goosey v. Goosey*, 48 Miss. 210 ; *Foster v. Rockwell*, 104 Mass. 167 ; 2 Whart. Ev., § 1249 ; 1 *Ib.* § 254 ; 2 Jones Mort. § 7471 ; *Noyes v. Clark*, 7 Paige, 119.

OVERALL & BESTOR, and L. H. FAITH, *contra*, relied on the chancellor's decree and the former decision of this court. *Bolman v. Lohman*, 74 Ala. 507.

STONE, C. J.—We have carefully examined the testimony, and are not convinced the chancellor erred in holding it insufficient to reform the mortgage, or to make it speak other than what its language imports. Mr. Overall, the draughtsman, is very positive and explicit in his testimony, and says he wrote the mortgage as he was requested to write it. This testimony,

[Bolman v. Lohman.]

aided by the writing itself, is not overcome by the opposing testimony. We would, if the inquiry was before us as an original one, find on this issue as the chancellor did. The case must, then, be decided on the title-papers themselves.

What interest did Mrs. Bolman's mortgage convey? This must depend on the proper interpretation of her husband's will, the source of her title. That will, in its first clause, gives to testator's wife all his property, real and personal, with its income and profits, "for her use and disposal during her natural life." The second clause gives over to testator's children, to take effect at the death of his wife, "all of the foregoing property, rents, income and profits, remaining undisposed of and unused by my said wife." The third clause, after appointing his wife executrix, and relieving her from giving bond, and from liability "to account in any court for the performance of her duties," clothed her with "full power to sell and dispose of all my property, real and personal, of every kind, at her discretion, without the orders of any court, and with full power to invest the proceeds thereof in any manner she deems best, or to employ the same in any business she may see proper to do." This will was duly probated.

We have here a will, giving an express estate for life, without liability to account, with devise over of what may remain undisposed of, or unused, and with express general power of disposition in the first taker; full authority to enjoy, use and dispose of the entire property, with a gift over of only what may remain undisposed of and unused. Under all the authorities, as well as in the nature of things, Mrs. Bolman took an absolute estate in the property, and could dispose of it as she pleased.— *Weathers v. Patterson*, 30 Ala. 404; *Flinn v. Davis*, 18 Ala. 132; *Barford v. Street*, 16 Vesey, 135; *Irwin v. Farrer*, 19 Vesey, 86; *Daniel v. Dudley*, 1 Phil. Eng. Ch. 1; *Holloway v. Clarkson*, 2 Hare, 621; *Page v. Soper*, 21 Eng. L. & Eq. 499; *Ide v. Ide*, 5 Mass. 500; *Morris v. Phaler*, 1 Watts, 389; *King v. King*, 12 Ohio, 390, 474.

What we have said renders it unnecessary we should consider the question of subrogation. The mortgage of Mrs. Bolman gives all the security the ownership of the absolute title to the property can confer.

The original mortgage has been sent up for our inspection. In its preparation a printed blank was used, and the clause which determines the questions raised by the record is partly printed, and partly in manuscript. We submit a copy of the clause we propose to consider, distinguishing the printed parts by small Roman capitals. It is the *habendum* clause, and is in the following language: "To HAVE AND TO HOLD THE ABOVE MENTIONED AND DESCRIBED PREMISES, WITH THE APPURTENANCES,

[Bolman v. Lohman.]

UNTO THE SAID Augusta Lohman, of Mobile, Alabama, AND TO her HEIRS AND ASSIGNS, AND TO THEIR SOLE AND ONLY PROPER USE, BENEFIT AND BEHOOF FOREVER : PROVIDED, ALWAYS, AND THESE PRESENTS ARE UPON THE EXPRESS CONDITION, THAT IF THE SAID Louisa Bolman SHALL WELL AND TRULY PAY TO THE SAID Augusta Lohman the SUM OF Two thousand dollars on demand ; and on the further condition, that the said Louisa Bolman shall pay each six months sixty dollars, as the interest on said sum, commencing on the 1st June, 1882. If she or her legal representatives fail to pay the smae, then the said Augusta Lohman is authorized to foreclose the mortgage to collect the whole sum, principal and interest. If the said Louisa shall survive the said Augusta, then the said sum is to belong to her ; and at the death of said Augusta, if she survive said Louisa, said sum shall then belong, share and share alike, to Carrie and Emma Bolman, children of said Louisa. And this mortgage shall then be null and void. This mortgage is given for 2000$ cash, this day loaned me by said Augusta Lohman."

Among the rules for interpreting instruments partly printed and partly written, it is said that which is written shall have the greater weight, because it is presumed greater attention was bestowed on the written parts. The printed form is intended for general use, without reference to particular objects and aims. That which is written is supposed to be dictated by the particular intention and purpose of the parties contracting. It is also our duty, in arriving at a proper interpretation, to examine the whole instrument, with a view of ascertaining and carrying into effect the purpose and object the parties had in view ; and we must strive to give some operation to each clause of the conveyance, and to reconcile apparent discrepancies. That parties intended to insert in their contract provisions that are incompatible, is not to be supposed ; and a construction that would lead to such results, is to be avoided, if possible. *Ut res magis valeat quam pereat*, is alike a maxim, and the policy of the law.—1 Brick. Dig. 533 ; *Bulmar v. Jay*, 4 Sim. 48.

Looking at Mrs. Bolman's mortgage to Mrs. Lohman, and considering all its parts, we do not think the intention was to make the principal demandable, so long as there was payment of the semi-annual installments of interest. True, there is a clause providing for the payment of " two thousand dollars on demand." That clause, however, is partly printed, and, in view of other provisions, we think its insertion was a simple filling up of the blank. Immediately following it, and in connection with it, is a stipulation that Mrs. Bolman should pay, every six months, sixty dollars as the interest on said sum, commencing at the end of six months from the date of the

mortgage ; and fixing, at that place, no time when these semi-annual payments should cease. The next clause, however, is much more specific, and shows unmistakably when the principal sum would, or might become demandable. It provides that, if the interest installments were not paid, then Mrs. Lohman could foreclose the mortgage, and collect both principal and interest. Why insert this provision, if the principal was demandable at pleasure, without any reference to the pay- ment or non-payment of interest ? The first clause, giving authority to demand the money, must be interpreted in con- nection with this latter clause, which declares the conditions which will authorize a demand of the principal to be made— namely, on the failure to pay the agreed interest.

There is yet another reason, however, why we feel assured our interpretation of Mrs. Bolman's mortgage is correct. It provides that, at the death of Mrs. Lohman, the principal sum, two thousand dollars, is to become the property of Mrs. Bolman, if living; and if dead, then of her daughters. This stipulation is as binding and irrevocable as any other provision of the con- tract. Its effect was and is to devest all title to the principal of the two thousand dollars out of Mrs. Lohman, except as a consideration for the mortgage security she took—a security for the semi-annual payment of the agreed interest to her during her life. And if, by non-payment of interest, the right accrued to her to foreclose the mortgage, this would give her no right to receive or handle the principal, or to cut off the remainder she herself had created. She could only have it brought into the Chancery Court, and there invested and secured by the order of the court, so as to secure to her its interest or income. It would, in such event, become as much the duty of the court to secure the money for the benefit of the remainderman, as to provide for the payment of the interest and income to Mrs. Lohman.—*Mason v. Pate*, 34 Ala. 379 ; *Dunham v. Milhous*, 70 Ala. 596.

In corroboration of our interpretation of the mortgage, if corroboration is necessary, it may not be out of place to say, the testimony conclusively proves that Mrs. Lohman herself under- stood the mortgage as we do, until the alienation took place be- tween her and Mrs. Bolman.

The question, then, is narrowed down to the inquiry, is it shown that Mrs. Bolman made default in the payment of inter- est, so as to authorize Mrs. Lohman to claim a foreclosure of the mortgage ? We do not think the testimony proves, or tends to prove she made a willful default. On the contrary, we think she made diligent effort to pay the interest punctually ; and if not intentionally prevented by Mrs. Lohman, it is at least shown that the former made every effort to pay the money

[Lott v. Mobile County.]

promptly. This is all that equity and good conscience can re-quire.—*Bass v. Gilleland*, 5 Ala. 761.

Many other questions have been discussed, but what we have said renders their decision unnecessary.

The decree of the chancellor is reversed, and a decree here rendered, dismissing complainant's bill, at the cost of her next friend, in the court below, and in this court.