# Darden *v.* Gerson & Winter.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Presumption as to character of wife's estate.*—In the absence of evidence to the contrary, property belonging to a married woman is presumed to be held as a statutory estate.

2. *Rents of wife's lands; mortgage by husband.*—Under the statutory provisions of force on the 28th January, 1887, the husband had power to mortgage the rents and income of lands belonging to his wife's statutory estate, though they were not subject to the payment of his debts; such rents passed under a mortgage executed by him on that day, conveying all the crops raised by him or his tenants on any place cultivated by him during the year, "all rents due me" [him], &c.; and the subsequent passage of the statute now of force (Code, §§ 2341-51) did not destroy or affect his vested rights.

3. *Application of payments.*—The husband having executed a mortgage for advances on all crops that might be raised on lands cultivated by him or his tenants, with "all the rents due me" [him], and being also indebted to the mortgagee as the assignee of a note given for the purchase-money of his lands; he can not insist that a partial payment made with moneys arising from the rents of his wife's lands, which rents passed under the mortgage, should be applied on the notes due for the unpaid purchase-money. In such case, the general rule applies, that money derived from a particular source or fund shall be applied as a payment, *pro tanto*, to the relief of that source or fund.

APPEAL from the City Court of Montgomery, in equity.

Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 21st March, 1890, by Gerson & Winter, late partners, against J. F. Darden, J. N. Mitchell, and C. A. Mitchell; and sought to enforce a vendor's lien on a tract of land, which the Mitchells had sold to said

Darden. The complainants were the assignees of the two notes given for the purchase-money, and claimed that they were unpaid. The question of payment depended on the application of $300, which Darden had paid to the complainants under the facts stated in the opinion. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants, which is here assigned as error by Darden.

A. A. WILEY, for appellant.

E. P. MORRISSETT, *contra*.

COLEMAN, J.—The bill was filed by appellees to enforce a vendor's lien. It appears that Darden purchased from J. N. and C. A. Mitchell a piece of land, for which he gave his two promissory notes. Upon one of these notes there was a balance due of about two hundred and seventy-five dollars, and upon the other of one hundred dollars. Darden applied to Gerson & Winter for a loan of two hundred and seventy-five dollars to pay the larger note. Whether the money was loaned directly to Darden, or paid to Mitchell, is immaterial. The money was paid over to Mitchell, and the note upon which there was a balance due of two hundred and seventy-five dollars was assigned to Gerson & Winter. At the time of Darden's purchase, there was a prior incumbrance on the land for eighty, or eighty-five dollars. Without consultation with, or request from Darden, Gerson & Winter bought from the Mitchells the other note of Darden given for the land, upon which there was a balance due of one hundred dollars. The defense to the bill was payment.

On the 28th day of January, 1887, in order to obtain supplies and assistance to make a crop, Darden executed his note and mortgage to Gerson & Winter, conveying "the entire crop of cotton which may be raised by me, or in which I may have any interest, on the plantation known as the Darden place, or any other place which I or my hands may cultivate the present year; all the rents due me," &c. Mrs. Darden, wife of the defendant, owned a landed separate estate at the time the mortgage was executed by her husband. In October, 1887, J. F. Darden paid over to Gerson & Winter three hundred dollars, stating to them that it was for rents collected from his wife's land, and directed them to apply it to the payment of Mitchell's land note. Gerson & Winter refused to do this, and applied the money to the note given to secure advances and supplies, and which was secured by the mortgage. The

question presented is, whether Darden could mortgage the rents of lands which were the property of his wife; and if so, whether the mortgage embraced these rents.

There being no proof to show the character of the estate of the wife, the law presumes it was her statutory separate estate. *Bolman v. Overall*, 86 Ala. 171. At the time of the execution of the mortgage by Darden to Gerson & Winter, 28th January, 1887, the husband was authorized to mortgage the rents and incomes of his wife's statutory separate estate. The married woman's law passed after this time did not divest vested rights.—*Ernst v. Hollis*, 86 Ala. 511; *Boyett v. Potter*, 80 Ala. 480; *Maxwell v. Grace*, 85 Ala. 579; *Parmer v. McLeod*, 76 Ala. 418. The terms of the conveyance were broad enough to include, and did include, all the rents due Darden. The rents of the statutory separate estate of the wife belonged to the husband. They could not be taken for his debts, but he could mortgage or otherwise dispose of them as he saw proper, and was not accountable for them. The parol evidence introduced to show that the rents from the wife's lands were intended to be included in the mortgage, did not "add to, vary or contradict the written instrument;" and if erroneously admitted, which we do not decide, it was error without injury.—*Gunn v. Clendenin*, 68 Ala. 294; *Boykin v. Bank of Mobile*, 72 Ala. 269.

When money is derived from a particular source or fund, payment must be applied to the relief of such source or fund, unless there is a mutual agreement to apply it otherwise. *Levystein & Simon v. Whitman*, 59 Ala. 345; 80 Ala. 238; 71 Ala. 286.

The Chancery Court rendered a decree for the complainants, for the amount due on the Mitchell notes transferred to them, less the amount of the outstanding incumbrance on the land when Darden purchased. We find no error in the record.

Affirmed.