# John Deere Plow Company *v.* City Hardware Company.

## *Detinue.*

(Decided February 8, 1912. 57 South. 821.)

1. *Contracts; Construction; Written and Printed.*—In construing a contract partly printed and partly written, the court should construe the whole instrument with a view of ascertaining the intention and purpose of the parties, giving to the written parts precedence over those which are printed.

2. *Sales; Conditional Contract; Retaking Possession; Time.*—Several clauses of the contract bearing on time and terms considered, and it is held that under it the seller's right to resume possession was limited by the provision extending credit to October 1, 1910, and that the seller could not enforce his right to retake the property prior to that date.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Detinue by the John Deere Plow Company against the City Hardware Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The contract referred to was a regular contract of sale of certain farming implements manufactured by plaintiff, and contained a great many conditions, but with a retention of title in the John Deere Plow Company, and a right to retake. The body of the contract contains this agreement: "It is expressly agreed and understood that the terms named therein, which hold good until October 1, 1910, are not to be considered a precedent for the future." The seventh clause, referred to in the opinion, is as follows: "It is also agreed that the title to, the ownership of, and the right to immediate and exclusive possession, upon demand, either oral or written, to all goods which may be shipped as herein provided, or during the current season shall remain in,

and their proceeds in case of sale shall be the property of, said plow company, and subject to its order until full payment shall have been made for the same by the undersigned in money; but nothing in this clause will release the undersigned from making payment as herein agreed." The payments referred to were to be made in cash when any of the goods were sold for cash, and when the goods were sold on time they were to be settled for by note, due at regular maturity date, and the notes taken for the machinery or implements sold were to be sent to the plaintiff as collateral, listed by them, and returned to the defendant for collection. The suit was filed on the 22d day of April, 1910.

LAPSLEY & ARNOLD, for appellant. The court erred in its oral charge to the jury, as it put an improper construction upon the contract. The court also erred in its charges given for the defendant.

TATE & WALKER, WILLETT & WILLETT, and KNOX, ACKER, DIXON & STERNE, for appellee. Contracts must be construed as a whole with preference given to the written parts over the printed parts.—*Bolman v. Lobman*, 79 Ala. 67; *Thornton v. S. & B. R. R. Co.*, 84 Ala. 112; *Tubb v. L. & L. & G. I. Co.*, 106 Ala. 659. When so construed, the contract in question did not give the right to retake until the limit of credit had expired, and plaintiffs were not entitled to recover in detinue.— *Reese v. Harris*, 27 Ala. 301; *Huddleston v. Huey*, 73 Ala. 215; *Cooper v. Watts*, 73 Ala. 254; *Seals v. Edmonds*, 73 Ala. 295; *Banks v. Barnes*, 82 Ala. 607.

MAYFIELD, J.—This is an action of detinue by appellant against appellee, to recover certain chattels mentioned in the complaint. The right of the respective

parties to maintain or defend the action depends solely upon the construction to be given a certain contract of sale, by which appellant sold to appellee the chattels in question. The contract in question is a conditional one of sale, by which the vendor, appellant here, retained the title to the chattels sold upon certain conditions specified in the contract of sale. The real difference between the contentions of the parties is as to whether or not the vendor had the right to retake the possession of the property sold and delivered, at the time the action was brought, or whether the time at which it could retake possession, on account of the breach of the conditions of the contract, was postponed to a later date than that at which the suit was brought.

It is not denied by the vendee, appellee here, that the sale was a conditional one, and that under certain provisions of the contract the vendor could retake possession of the property sold; but it contends that the time at which the contract provided the vendee might retake possession was fixed at October 1, 1910, while the action was brought in April, 1910. If this be true, of course, the plaintiff had no right to recover, at the time it brought the action, and therefore must fail.

On the other hand, it is contended, by the vendor that by paragraph 7 of the contract of sale (which the reporter will set out), the plaintiff was entitled to possession, upon demand, either oral or written, of all the goods which might be shipped under the provisions of the contract, or during the current season.

The trial court construed the contract in accordance with the contention of the vendee, to the effect that the plaintiff had no right, under the written and printed contract, to the possession of the property at the time the action was brought, but further ruled that the parol evidence was in dispute as to whether or not there was

a subsequent agreement between the parties by which the plaintiff was entitled to possession at the time the suit was brought, and, accordingly, submitted this question to the jury, which found in favor of the defendant, appellee here.

As to the rulings of the court upon the question of the subsequent parol agreement, and as to the finding of the jury of the facts as to such agreement, no error is assigned, and no objection is here made by appellant.

The trial court, in its oral charge to the jury, instructed them to the effect that under the terms of the written and printed contract the plaintiff was not entitled to the possession of the property at the time the suit was brought, and for this reason refused a written requested charge to the plaintiff, asserting the reverse of the proposition. It is conceded that the same question of law is raised by both rulings, and that the correctness or incorrectness of the one necessarily determines the propriety or impropriety of the other.

We agree with the trial court as to the construction placed upon the written and printed contract. To give clause 7 construction and effect intended by appellant would make it wholly inconsistent with the other provisions and conditions of the contract. On the other hand, with the construction placed upon it by the trial court, this provision of the contract can be reconciled with the other provisions thereof.

The contract in question is quite lengthy, and is conceded to have been partly written and partly printed; and section 7 thereof is one of a great number of provisions printed on the back of the contract, but referred to and made a part of it by provisions in the body of the instrument, which were in writing.

It is a sound and well-settled rule of construction of contracts that, in arriving at a proper interpretation,

the court should examine the whole instrument with a view of ascertaining and carrying into effect the purpose and object the parties had in view, and thus give some effect to each clause, and reconcile apparent discrepancies if practicable. Courts will never presume that parties intended to insert in their contracts provisions wholly incompatible and irreconcilable one with another. It is likewise a well-settled rule of construction that as to instruments which are partly printed and partly written, that which is written shall have the greater weight, because of the presumption that greater attention has been bestowed upon the written parts of the contract.

As was said by this court in *Bolman v. Lohman,* 79 Ala. 67, per STONE, C. J.: "The printed form is intended for general use without reference to particular objects and aims. That which is written is supposed to. be dictated by the particular intention and purpose of the parties contracting."

Applying these rules of construction to the contract in question, we have no hesitancy in agreeing with the trial court as to the construction proper to be placed upon this contract. We find one of the written provisions of the contract to be as follows: "It is expressly agreed and understood that the terms made herein shall hold good until October 1, 1910, and are not to be considered a precedent for the future." This being written into a printed form of contract used by the vendor in making such sales is suggestive, at least, of the idea that the contract in question was somewhat different from the usual contracts made by it in such cases. It was provided by the last clause of section 7, of the printed conditions, after stipulating that the vendor should have the right to the immediate and exclusive possession upon demand, as follows: "But nothing in this

[Bruce, et al. v. Sierra.]

clause will release the undersigned (the vendee) from making payment as herein agreed." It was agreed in the contract that the vendee would make payments thereon until October 1, 1910, and it would be inconsistent to hold that the vendor could retake the property, and yet. hold the vendee to the payment of the purchase price.

No error appearing in the record, the judgment of the trial court is affirmed.

Affirmed. All the Justices concur.