[Pendley v. Madison's Adm'r.]

# Pendley *v*. Madison's Adm'r.

*Statutory Action in nature of Ejectment.*

1. *Right of administrator to sue.*—An administrator may maintain an action of ejectment, or a statutory action in the nature of ejectment, to recover the possession of lands which belonged to the decedent at the time of his death; and it is immaterial whether he desires to sell them for the payment of debts, or for distribution.

2. *Estoppel as to common source of title.*—When both parties in ejectment claim title from the same person, or common source of title, each is equally estopped from impeaching that title.

3. *Bequest for life,* with remainder over of "*what has not been used, or is dead or destroyed.*"—A devise and bequest to the testator's widow, "for and during her natural life," of all his property, with limitation over of "all that shall remain over, and shall not have been used up by her, or be dead or destroyed," confers only an estate for life, and the limitation over is valid.

4. *Possession or conveyance by tenant for life; effect as against remainder-men.*—The possession of the tenant for life is not adverse to the remainder-man; his conveyance to a third person does not pass any greater estate or interest than he himself has; and the statute of limitations does not begin to run in favor of his grantee, as against the remainder-man, until the death of the tenant for life.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. S. H. SPROTT.

This action was brought by A. W. Madison, as the administrator of the estate of John Madison, deceased, against Jesse Pendley, to recover the possession of a tract of land containing about fifteen acres; and was commenced on the 11th September, 1885. The defendant pleaded not guilty, and adverse possession for ten years under claim of title; and the cause was tried on issue joined on these pleas. On the trial, as appears from the bill of exceptions, it was proved that the land sued for, with other adjacent lands, was conveyed to John Madison, plaintiff's intestate, in 1853, and was in his possession at the time of his death in 1866; that said John Madison left a widow and five children, all of the children "being over twenty-one years and still alive;" "that the widow, Mrs. Susan Madison, sold the land in September, 1887, to William Hisan, who took possession, cleared and cultivated it, until some time in 1873, when he sold and conveyed to the defendant in this suit; and that the possession of said Hisan, and of the defendant after him, was

open, notorious, and continuous. The plaintiff offered in evidence the last will and testament of said John Madison, which was duly admitted to probate in November, 1866, and which contained the following provisions: (1.) "I give and bequeath unto my beloved wife, Susan Madison, the use, improvement and income of my dwelling-houses, all my· lands, and their appurtenances, situated in said county, and also the use and income of all my personal property of whatever description, including moneys, debts, &c., to have and to hold the same to her, for and during her natural life." (2.) "It is my will and desire, that at and after the decease of my said wife, Susan Madison, all of my said property, both real and personal, that shall remain over, and shall not have been used up by her, or be dead or destroyed, shall be equally and fairly divided among all my lawful heirs, according to their legal rights under the laws of Alabama." It was proved, also, that Mrs. Susan Madison died in September, 1884, and that the plaintiff's letters of administration on the estate of John Madison were granted in 1885. This being all the evidence, the court charged the jury, "if they believed the evidence, they must find for the plaintiff." The defendant excepted to this charge, and he here assigns it as error.

BRICKELL, SEMPLE & GUNTER, for the appellant.

SOMERVILLE, J.—1. The present action, which is one of ejectment under the statute, was properly brought in the name of the personal representative of the deceased testator, whether his purpose was to recover the lands with the intention to sell them for distribution, or for the payment of debts. The right to maintain the action is conferred on the personal representative by the statute, and, in this case, is instituted against strangers, and not against the remainder-men under the testator's will.—*Morgan v. Casey*, 73 Ala. 222; *Leatherwood v. Sullivan*, 81 Ala. 458; *Landford v. Dunklin*, 71 Ala. 594.

2. Both parties to the suit claim to have derived title from the same common source—James Madison, the testator of the plaintiff. The whole contention, therefore, resolves itself into one as to the relative superiority of the two claims of title put in evidence before the court on the trial, each party being estopped from denying the validity of Madison's title.—*Gantt v. Cowan*, 27 Ala. 582; *Pollard v. Cocke*, 19 Ala. 188; *Simmons v. Simmons*, 78 Ala. 365.

[Aderholt & Co. v. Smith.]

3. The interest which Mrs. Madison acquired under the will of her husband was undoubtedly a life-estate merely. It vested in her the use of the testator's property, real and personal, "for and during her natural life." The limitation over to the remainder-men, of all the property which, in the words of the will, "shall not have been used up by her, or be dead or destroyed," would not operate by implication to enlarge the estate of the life-tenant into an absolute title. The clear terms in which the first item of the will created an express estate for life, negatived all intention to confer on the widow any absolute power of disposition during her life, or even after her death.—*Weathers v. Patterson*, 30 Ala. 404; *Denson v. Mitchell*, 26 Ala. 360.

4. The deed of Mrs. Madison to Hisan, under whom defendant claims, conveyed nothing more than the grantor herself owned, which, as above said, was a life-estate only. The defendant's possession, therefore, under such a conveyance, could not in its origin be adverse to the title of the remainder-men, in whose right the plaintiff claims in this action. The rule in such cases is, that a conveyance by a life-tenant does not convey or affect the estate in remainder; and the statute of limitations does not commence to run in favor of the purchaser, until the termination of the life-estate, because until then his possession is not adverse to the remainder-men.—*Pickett v. Pope*, 74 Ala. 122; *Pope v. Pickett*, 65 Ala. 487; *Smith v. Cooper*, 59 Ala. 494; *Thrasher v. Ingram*, 32 Ala. 645.

The life-tenant in the present case did not die until September, 1884, or about one year before the bringing of this suit.

The plaintiff was entitled to the general charge given by the court, and the judgment must be affirmed.