# Adams *v.* Mason.

*Bill in Equity by Executor, asking Construction of Will and Instructions as to Duties of Trust.*

1. *Gift or bequest for life, with general power of disposition.*—An express gift or bequest for life, coupled with a general power of disposition, vests the absolute title in the first taker, unaffected by an implied remainder or reversion.

2. *Bequest to mother during life, or until marriage, in trust for support and education of her children.*—A bequest in these words: "I also give and bequeath to said Dinah, for and during her natural life, or until she may marry, $2,500, to be provided by my executor out of my estate, said $2,500 to be used by said Dinah in the support and education of her five children," vests in said trustee, so long as she remains unmarried, an unlimited discretion as to the expenditure of the *corpus* of the fund, authorizing the disbursement of the whole amount, provided the outlay was confined to the support and education of the children.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 3d June, 1885, by B. W. Mason, as the executor of the last will and testament of Aug. Jeter, deceased, against the legatees and devisees under the will, and asked a judicial construction of the will, and the instructions of the court in the performance of his duties as executor. The provisions of the will are all stated

VOL. LXXXV.

[Adams v. Mason.]

in the opinion of the court. The appeal is sued out by
Dinah Adams, one of the devisees under the will, who as-
signs as error that part of the chancellor's decree which lim-
ited her discretionary power of disposition over a fund of
$2,500, under the 4th item or clause of the will, to the
annual interest, and directed the investment of the fund, by
the register, in "mortgage security of real estate;" and the
guardian *ad litem* of her infant children makes the same
assignments of error.

WATTS˙ & SON, and GRAVES & BLAKEY, for appellants,
cited Jarman on Wills, vol. 1, pp. 697-9; *Ib.* vol. 3, p. 306;
Perry on Trusts, vol. 1, 125-6, note 3; *I b.* §§ 313-16; *Lor-
ing v. Loring*, 100 Mass. 340; *Hawley v. James*, 5 Paige,
318.

BRICKELL, SEMPLE & GUNTER, *contra.*—The 4th clause of
the will vests in Dinah Adams only a life-estate, or less—
"for and during her natural life, or until she may marry."
The superadded words impose a limitation or restriction on
her use of the fund, limiting it to the support and education
of the children, and can not, by any rule of construction, be
allowed to increase or enlarge her estate, or her power over
the fund itself. No argument can be drawn from any sup-
posed inadequacy of the provision made for the support and
education of the children, limiting the expenditure to the
annual interest of the fund, because additional provision is
made for them by another clause of the will, which devises
400 acres of land to Dinah Adams for life, with remainder
to her children; and if there was no other provision, $40 *per
annum* is not an inadequate provision for children situated
as these are. The will disposes of the testator's entire es-
tate, but there is nothing to show its value, or the compara-
tive value of the different devises and legacies. As matter
of fact, the estate is worth $40,000, of which about one-
eighth, or one-tenth, is given to Dinah Adams and her chil-
dren, leaving the residuary legatees the primary objects of
the testator's bounty.

STONE, C. J.—The question in this case is the proper
interpretation of the fourth clause of A. Jeter's will. By
the first clause, the testator devised to Dinah Adams certain
described real estate; and by the second, he bequeathed to
her certain personal estate. Each of these dispositions was

to her "during her natural life, or until she may marry," with a remainder over to her five children by name.  By the third clause, he gave to Dinah Adams provisions for herself and children, and food for her stock, for one year.  By the fifth and sixth clauses, he gave to Dinah Adams all his wagons, vehicles, and farming untensils; and to James, one of her children, he gave his gold watch and chain.  The seventh clause is a residuary gift and bequest of the residue of his estate to two named nieces, Savannah and Regina Wilder, for equal division between them.

The fourth clause is in the following language,  "I also give and bequeath to said Dinah, for and during her natural life, or until she may marry, twenty-five hundred ($2,500.00) dollars, to be provided by my executor out of my estate; said twenty-five hundred dollars to be used by said Dinah in the support and education of her five children."

The chancellor decided and decreed, that the five children, the beneficiaries under the fourth clause, took an estate in the said fund of $2,500, only so long as the said Dinah may live and remain single; and that at the happening of either of the two named events, the bequest was intended to go over to the two nieces, under the residuary clause.  And he directed and decreed that the said fund be invested in interest-bearing mortgage security, secured on land, and the interest collected and paid over to the said Dinah annually, so long, and only so long, as she may live and remain unmarried; at her death or marriage, the principal to be paid to the residuary legatees.  In his decree he conformed to the rule declared in *Mason v. Pate*, 34 Ala. 379, if he rightly interpreted the will.  See, also, *Dunham v. Milhous*, 70 Ala. 596; *Bolman v. Lohman*, 79 Ala. 63.

It is not controverted in this case, that whatever interest Dinah took under the fourth clause of the will is a trust, in which she has no beneficial interest.  Her five children are the objects of the testator's bounty, so far as this clause or item is concerned.  This being his express will and object, it is difficult to conceive of any wish or motive he could entertain, for making that bounty dependent upon Dinah's living and remaining single.  The will clearly shows that Dinah and her five children were the primary objects of his testamentary bounty; and both the will and the record before us prove that the testator, at his death, owned an estate of no inconsiderable value.  The interest or income of twenty-five hundred dollars invested, is two hundred dollars *per annum*,

or forty dollars *per capita* for the beneficiaries. Common knowledge teaches us that this sum is wholly inadequate for the "support and education" of the children.

We think, however, that the language of the bequest furnishes its own interpretation. Its express terms are: "said twenty-five hundred dollars to be used by said Dinah in the support and education of her five children." Not the income or interest of the twenty-five hundred dollars, but the *corpus*, the thing itself. How lavishly or sparingly to be used, we are not informed. This was left to Dinah's discretion, so long as she lived, and remained unmarried. And the expenditure of the fund being confided to Dinah's discretion, without any direction as to the manner of its exercise, and without requiring her to account, this armed her with a general power of disposition, under which she was authorized to disburse the whole fund, provided she confined the outlay to the "support and education" of the children. A gift, conveyance or bequest, even when expressed to be for life, if coupled with a general power under which the whole fund may be disposed of, vests an absolute title in the first taker, which an implied remainder or reversion will not cut down to a life-estate.—*Flinn v. Davis*, 18 Ala. 132; *Weathers v. Patterson*, 30 Ala. 404; *Bolman v. Lohman*, 79 Ala. 63; *Pendley v. Madison*, 83 Ala. 484.

Dinah being only a trustee of the twenty-five hundred dollars, of course, it required no express terms to cut down her functions to the period of her life. They were to cease, however, in the event she married. This required express provision, for married women may be trustees. The words, "for and during her natural life, or until she may marry," are a limitation upon her trusteeship. They do not curtail or affect the rights of the beneficiaries. Should the trust become vacant before its complete execution, a trustee will be appointed, on proper application, to carry its provisions into effect. The testator selected and designated his own trustee, to execute clause four of his will, and he required no security for its faithful performance.

So much of the chancellor's order as requires the executor to lend said twenty-five hundred dollars on mortgage security is reversed; and a decree is here rendered, directing him to pay said sum, if still in his hands, to the said Dinah Adams, taking her receipt therefor, to be subscribed as trustee under the fourth clause of A. Jeter's will. Should the executor have put the money out on loan, then the order last above made is

suspended, until the proper order is made in the premises by the chancellor, to carry the principles of our ruling into effect.

Reversed and remanded.