# Hood v. Bramlett.

### *Action to recover Rent.*

1. *Wills; devise of life estate with general powers of disposition; life tenant takes absolute fee.*—Where, under the provisions of a will, the devisee of a life estate is given the general and beneficial power to dispose of by will one-half of the estate, this power of devise is, un- the provisions of the statute (Code, § 1853), an absolute power of dis-

[Hood v. Bramlett.]

position; and under the provisions of section 1852 of the Code, the devisee of the life estate takes, as to such one-half of the estate, a fee absolute, which descends to her heirs in the event she dies intestate.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellee, E. A. Bramlett, as administrator *cum annexo testamento*, against Lewis Harris, to recover rent. William H. Hood, as administrator of Louisa Garrett, was substituted as defendant. The facts of the case are sufficiently stated in the opinion. The cause was tried by the court without the intervention of a jury, and judgment was rendered for the plaintiff. On the present appeal, prosecuted by the defendant, the rendition of this judgment is assigned as error.

DORTCH & MARTIN, for appellant.—A gift, conveyance or bequest, even when expressed to be for life, if coupled with a general power under which the whole fund may be disposed of, vests an absolute title in the first taker, which an implied remainder or reversion will not cut down to a life estate.—Code of 1886, §§ 1852, 1853; *Adams v. Mason*, 85 Ala. 455; *Whorton v. Moragne*, 62 Ala. 202.

W. H. DENSON, *contra*.

McCLELLAN, J.—The will of Pleasant Garrett, deceased, contains the following devise and bequest: "To my beloved wife, Louisa Garrett, I will and bequeath unto her my whole estate both real and personal, after my just debts are paid, so long as she may live, to use and contract as she may see proper. At her death I will and bequeath that one-half of my estate to be at her disposal to will and bequeath as she may see proper, and the other half of my estate to be sold by my Extr. and divided into eight equal parts and distributed as follows" &c., naming the persons to whom said shares are to be distributed. Pleasant Garrett died many years ago leaving a certain plantation which passed under his will to Louisa Garrett who survived him. She died in November, 1890, without making any disposition by will (or otherwise) of said plantation. The present action is

prosecuted by Bramlett, as the administrator *cum annexo testamento* of Pleasant Garrett, deceased, for the recovery of rent of a part of said plantation for the year 1891. It was instituted against one Harris on the theory, which is controverted, that he was the tenant for that period of Bramlett as such administrator; but Hood as the administrator of Louisa Garrett was, upon the affidavit and suggestion of Harris that he claimed the money in suit, and payment by Harris of the amount sued for into court, and without objection on the part of the plaintiff, substituted for Harris as defendant to the action, under section 2610 of the Code. This substitution was made in the justice's court, and judgment was there rendered in favor of the defendant Hood, as Admr. &c. for the sum deposited by Harris and costs. From this judgment Bramlett appealed to the city court, where the judgment from which this appeal is prosecuted by Hood was rendered in his favor for said sum and costs. The trial was had without jury, and as the controversy had become one between the estates of Pleasant and Louisa Garrett, respectively, turning upon the ownership of the land from which the rent in suit issued, the consideration of Harris' technical liability to Bramlett because of attornment to him or promising to pay the rent being eliminated from the case by the form the litigation assumed upon the coming in of Hood. the judgment of the city court in favor of Bramlett must have proceeded upon the theory that on the death of Louisa Garrett without a will devising this plantation, or any part of it, the whole tract of land reverted to the heirs of Pleasant Garrett. This view can not, in our opinion, be supported. The question is controlled by the following sections of the Code, and more especially by the two quoted last below:

"1850. *Power of disposition to owner of particular estate; effect of.*—When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee absolute, as to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power is not executed, or the lands sold for the satisfaction of debts, during the continuance of such particular estate."

"1851. *Effect of power of disposition in one not holder*

*of particular estate.*—When a like power of disposition is given to any person to whom no particular estate is limited, such person also takes a fee, subject to any future estate which may be limited thereon; but absolute in respect to creditors and purchasers.''

''1852. *When, in such case, donee takes fee.*—In all cases where such absolute power of disposition is given, not accompanied by any trust, and no remainder is limited on the estate of the donee of the power, he is entitled to an absolute fee.''

''1853. *Absolute power of disposition defined.*—Every power of disposition is deemed absolute, by means of which the donee of such power is enabled in his lifetime to dispose of the entire fee for his own benefit; and where a general and beneficial power to devise the inheritance is given to a tenant for life or years, it is absolute within the meaning of the last two sections.''

Before these sections became the law of Alabama, it was well settled that a conveyance or devise to one for life with absolute power of disposition, remainder over in default of disposition, by the tenant for life vested in such tenant a fee free from curtailment by the limitation over, and the remainderman took nothing in any event as to the execution of the power.—*Alford v. Alford's Admr.*, 56 Ala. 350, and authorities there cited. Section 1850 of the Code is no more than a statutory recognition of this doctrine so far as purchasers and creditors are concerned, but it changes the rule, where rights of purchasers and creditors do not supervene, in respect of and only in respect of future estates *limited* upon the life estate of the donee of the power, and as to estates thus limited provides in effect that unless the power of disposition is exercised by the tenant for life or years, they shall be executed and vested in title, possession and enjoyment in the remainderman upon the death of the tenant of the particular estate. But the ulterior estates thus protected must rest upon *express* limitations and not upon mere implication. This is demonstrated by section 1852 *supra*, which provides that where *no remainder is limited* on the estate of the donee of the power, he is entitled to an absolute fee, thus confining the protection of future estate provided in section 1850 to estates in remainder *limited* upon the particular estate, and leaving mere reversions and remainders by implication—the antithesis

of express limitation—exposed to the operation of the common law doctrine, which so far from being affected by our statutes is confirmed and re-declared by this section 1852. And this court has removed any doubt which might otherwise have clouded the point by declaring: "A gift, conveyance or bequest, even when expressed to be for life, if coupled with a general power under which the whole fund may be disposed of, vests an absolute title in the first taker, which an implied remainder or reversion will not cut down to a life estate." *Adams v. Mason*, 85 Ala. 452, 455. As to one-half of the land in question there was no limitation over, but at the most only an implied reversion, and the case is brought directly within the statutory provisions and general principles we have adverted to, it not being questioned that the will gave to Louisa Garrett the general and beneficial power to devise one-half the estate, and this, by the words of the statute, is "an absolute power of disposition" within the purview of this doctrine.—Code, § 1853.

The parties to this action, therefore, each represent an undivided one-half interest in the land whence this rent issued and they stand in the steads of tenants in common therein. Each claimed, it seems, the rent *in toto*, and the claim of each was good in part and bad for the rest. Each is entitled to recover one-half of the sum paid into court by Harris—thirty-five (35) dollars.—*Pope v. Harkins*, 16 Ala. 321; *Smith's Extrs. v Wiley*, 22 Ala. 396; 11 Am. & Eng. Encyc. of Law, p. 1128, note 3.

The judgment of the city court is reversed. One-half the costs of this appeal will be taxed against each party. The cause will be remanded to the city court that the proper judgment may be there entered both as to debt and costs.

Reversed and remanded.