# Smith *et al.* v. Phillips *et al.*

## *Statutory Action of Ejectment.*

1. *Will; construction thereof.*—Under a devise of a will, wherein the testatrix gave and bequeathed to her "beloved husband * * * my present residence as a home and such number of acres therewith connected, including the improvements as may be exempt by law at this time from levy and sale under execution, for the use of himself and children as a home, with the right and power in him to sell and convey the same at his discretion," the husband acquires an absolute estate in fee simple in the homestead so devised.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. N. D. DENSON.

This was a statutory action in the nature of ejectment, brought by the appellants, as heirs at law of Mrs. Mary Fitzpatrick, who died in the year 1874, having previously executed her last will and testament which was duly proved and admitted to probate in the probate court of Macon county. The defendant, Nancy Fitzpatrick, was let in as landlord to defend for the other defendants.

The second item of testratrix will reads: "I give and bequeath to my beloved husband, the said Joseph Fitzpatrick [whose name had been previously mentioned, as her husband] my present residence as a home, and such number of acres therewith connected, including the improvements, as may be exempted by law at this time from levy and sale under execution, for the use of himself and children, as a home, with the right and power in him to sell and convey the same at his discretion."

By the third item, it is provided: "I give and bequeath, also, to my husband, Joseph Fitzpatrick, in trust for his children, all the balance of my estate, both real and personal and mixed, and as such trustee, he shall have the power to manage and control the same, to the best interest of said estate, to the use and

benefit of his said children, to be advanced to them, or either of them, when they marry or arrive at the years of maturity, as he may at his discretion determine," etc.

It was shown, that the children married or arrived at the age of twenty-one years in the lifetime of said Joseph, the trustee, and the balance of the property of the testatrix, including none of that embraced in said second item of her will, given to said Joseph, was divided among the children of the testatrix under and according to the provisions of said item three of the will.

The said Joseph Fitzpatrick, afterwards, in 1886, married the defendant, Nancy Fitzpatrick, who lived with him on said homestead of 160 acres of land, mentioned in item two of the will, until his death, which occurred in 1899, and has since continued to live on said land and now occupies the same.

The said Joseph Fitzpatrick, before his death, executed his last will and testament, of date October 10th, 1896, which was, afterwards, duly proved and admitted to probate in the probate court of Macon county. By the third item of his will, he devised said homestead of 160 acres of land he had received under the second item of the will of his former wife, Mary, to his said wife, Nancy, for her use, management and control, during her life, and, afterwards, to revert to his children (by his said wife Mary), to be equally divided between them.

It is contended for the plaintiffs, that under item second of Mary's will, the said Joseph did not take an absolute estate, with power to devise the same to his second wife, Nancy, and on his death, the property therein mentioned reverted to plaintiffs; and, on the other hand, the contention of defendant is, that under said clause of said Mary's will, her husband, Joseph, took an absolute fee in said property, which he was capable of devising to his said wife, Nancy.

The evidence was undisputed and without conflict. The court gave the general charge for the defendant, to the giving of which charge the plaintiff duly excepted. There were verdict and judgment for defend-

ant.   The plaintiff appeals, and assigns as error the giving of the general affirmative charge for defendant.

NORMAN & BALDWIN and GORDON MACDONALD and JOHN D. McNEEL, for appellants, cited *Raikes v. Ward*, 1 Hare. 445; *Whiting v. Whiting*, 4 Gray. 240; *Carr v. Living*, 28 Beav. 644; *Bird v. Mabury*, 33 Beav. 351; *Andrews v. Pres. etc. Bank*, 3 Allen, 313; *Denson v. Mitchell*, 26 Ala. 360; *Spear v. Walkley*, 10 Ala. 328; *Warner v. Bates*, 98 Mass. 274; *Colton v. Colton*, 127 U. S. 300; Hill on Trustees, p. 73; Perry on Trusts, § 114, note 4; *Harrison v. Harrison's Admx.*, 2 Gratt. 210; *Crump v. Redd's Admr.* 6 Gratt. 372; *May v. Joynes*, 20 Gratt. 692; *Cole v. Cole*, 79 Va. 251.

JENKS & BLUE, *contra*, cited *Young v. Young*, 29 So. Rep. 61; *Thrasher v. Ingram*, 32 Ala. 645; *Alford v. Alford*, 56 Ala. 350; *Adams v. Mason*, 85 Ala. 452; *Hood v. Bramlett*, 105 Ala. 660; *Cain v. Cain*, 127 Ala. 440.

HARALSON, J.—Section 1020 of the Code provides: "Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended."

Section 1048 provides, "that in all cases where such absolute power of disposition is given, not accompanied by any trust, and no remainder is limited on the estate of the donee of the power, he is entitled to an absolute fee;" and in the following section (1049) it is provided: "Every power of disposition is deemed absolute by means of which the donee of the power is enabled in his lifetime to dispose of the entire fee for his own benefit," etc.

It is plain, therefore, that under our statutory system, if Joseph Fitzpatrieck, under item second of his wife's will, took an estate in the lands devised to him, with absolute power in him to dispose of the same by sale and conveyance, and the gift was not accompanied by any trust, and no remainder was limited on the estate given to him, he was entitled to the absolute fee.—*McRee v. Means*, 34 Ala. 372.

Before these sections of the Code became law in this State, a conveyance or devise to one for life with absolute power of disposition, with remainder over in default of disposition by the tenant for life, vested in such tenant a fee, free from the limitation over, and the remainderman took nothing in any event, as to the execution of the power.—*Hood v. Bramlctt,* 105 Ala. 660; *Alford v. Alford,* 56 Ala. 350; *Bolman v. Lohman,* 79 Ala. 63.

It is contended, for the plaintiffs, that the will of testatrix having vested her husband, Joseph, with the right and power, to sell and convey the property at his discretion, did not authorize him to devise the same; that the power to sell and convey, excluded the power to devise. This contention, however, is contrary to the terms of the will. If it vested him with the power of absolute disposition, unaccompanied by any trust, and with no remainder limited on the estate of the donee of the power, the power to devise was one of the essentials of the power. The power to dispose of the property by sale and conveyance, vested him with the power of absolute disposition of it by sale or devise. If he could not devise it, he had power short of that of the right to absolutely dispose of it.—*Wells v. The Mortgage Co.,* 109 Ala. 442.

Again, we have held, that ulterior estates limited on a power of disposition, as provided in section 1048 of the Code, must rest upon *express* limitations and not upon mere implication.—*Hood v. Bramlett, supra.*

The clause of the will under review, does not limit on the estate of the donee of the power, Joseph Fitzpatrick, any express remainder, and, really, none, as to that, by implication. The language of the item is: "I give and bequeath *to my beloved husband,* my present residence as a home," with land sufficient to make 160 acres, * * * "with the right and power in him to sell and convey the same at discretion." Here, the idea of a remainder limited on the estate of said Joseph, is not even suggested, but is repelled.

It is said, however, that if there is no remainder limited on his estate, the devise was accompanied by a trust. This construction is sought to be placed on the item, in

the use of the words "as a home," where she first em-
ployed those words in connection with the devise she
made to him of the property, and as again employed,
where she repeats, she gave him the property "for the
use of himself and children *as a home.*" The land de-
vised was, at the time of the execution of the will, and
at the death of testatrix, the home of herself, husband
and children. Her evident intention, even without
those words, was to provide a home for her husband and
his children, all of whom except a married daughter,
were members of the family at the time. All the others
were unmarried, and all except one, were under age,
and unmarried. Their home was on the place with
their mother and father. In case of testatrix's death,
the children remaining unmarried, would most likely
have continued their home with their father, and in
giving him a home, she was giving them one. All that
these words import, would have been implied without
them, and in their use, no repugnancy to the absolute
gift of the property to the husband arises. If testatrix
had given her husband the homestead, without saying
she gave it to him "as a home," or "for the use of him-
self and children as a home," the home, in the natural
order of things, would have been his and his children's.
*McRee v. Means,* 34 Ala., *supra.* Certainly there was no
express trust here.

This construction, if more were needed, is borne out
by the third clause of the will. Her husband and her
children were alike the objects of her bounty. She made
an absolute gift of the homestead to her husband, which
accords with a natural and commendable affection. But
this was all she gave him. The remainder of her prop-
erty, real and personal, she devised and bequeathed to
her children, share and share alike, giving them an ab-
solute estate therein. Breaking away from the gift
she had just made to her husband, she bestowed all the
remainder on him in trust for their children, for him
to manage and control for their use and benefit, to be
advanced to them, as they should marry or arrive at
age. Under this provision, all of said property was di-
vided ultimately between them, and to their satisfaction,
so far as appears; and all of them, as would naturally

have been supposed by the testatrix would in time be the case, removed from the home of their father, and took up their abodes elsewhere. The fact, that the testatrix, immediately after giving her husband the property she designed for him, without the use of terms, further than the use of the words "as a home," above referred to would imply, turned her attention to her children, and devised to her husband, the lands and personal property she desired to go to them, and accompanied the devise with words of express trust for them, indicates, that in the third item she created the only trust in their behalf, she designed to create.    If she desired to impress upon the estate she gave her husband, a trust, for the benefit of her children, she would have done so in terms as unmistakable as the one she created for them in the succeeding third item of her will.

We conclude, that under the clause of the will under consideration, the husband took an absolute estate in fee, which he had the power to devise in the manner he did to his wife, Nancy. The court very properly gave the general charge for defendant.

Affirmed.