[Rutledge, et al. v. Crampton, et al.]

# Rutledge, *et al. v.* Crampton, *et al.*

*Bill for Sale of Land for Division.*

(Decided May 6, 1907.  43 So. Rep. 822.)

*Powers; Execution; Suffificiency to Bar Remainder.*—Testator devised a life estate in certain lots to his wife with the power to sell and dispose of such portions of the property either at public sale or private sale, with a devise over of whatever remained unsold. Testator owned a half interest in certain lands together with one W. who owned the other half. Testator's wife and the widow of W. joined in a petition to the probate court to sell the lands for division between herself and the heirs of W. and the sale was made thereunder. The remaindermen under testator's will were not made parties and testator's wife did not act in her representative capacity as executrix in filing the petition or making the sale. Construing sec. 982, 1046 and 1052 of the Code, it is held that the action of testator's wife was not such an execution of the power as to change her life estate into an absolute estate and so to bar the remaindermen from any interest in the land after her death.

Appeal from Montgomery City Court.
Heard before Hon. A. D. SAYRE.
Bill by J. T. Rutledge and others against F. J. Crampton and others. Bill dismissed, and plaintiffs appeal. Reversed and remanded.

This was a bill filed by T. J. Rutledge, as next friend of certain minors mentioned in the bill, and T. J. Rutledge, R. H. Rutledge, and A. D. Rutledge, against F. J. Crampton, and prays for a sale of certain lots therein described for a division between the joint owners thereof. The allegations made by the bill are that Alexander R. Bell was during his life seized in fee and possessed of a one-half undivided interest in certain lots described, situated in the city of Montgomery, in said state and county; that said Bell died, while seized and possessed of said real estate, leaving a last will and testament, which

was duly probated and recorded in the probate court of Montgomery county, a copy of which is attached to the bill as an exhibit; that the life tenant under the will never exercised the power given in the third clause of said will to sell said property; that Rebeccah M. Bell and Thacker H. Bell qualified as executors of said will and took possession of the real estate, and that Rebeccah M. Bell died on the 4th day of May, 1903; that the half interest not belonging to said A. R. Bell belonged to his brother, W. B. Bell, and that,after W. B. Bell's death, Rebecca M. Bell and the widow of W. B. Bell, in June, 1886, filed in the probate court of Montgomery county a petition to sell the said lands for division, making the heirs of W. B. Bell parties thereto, but not making the heirs of A. R. Bell parties; that a sale was had, and at said sale Thacker H. Bell, a son and heir and one of the executors of A. R. Bell, purchased; that in and by said sale the interest belonging to said W. B. Bell in said lands became vested in Thacker H. Bell, and by mesne conveyances from said Thacker Bell all the half interest in said lands belonging to said W. B. Bell in his lifetime, as well as the interest of Thacker Bell in the share of his father, A. R. Bell, became vested on January 1, 1905, in F. J. Crampton, who is the defendant in this bill; that said proceedings for sale of said property in the probate court are void as to the children of said A. R. Bell, and are void as to orator; that said A. R. Bell left the following four children, who were his heirs at law and devisees under said will of the remainder estate in said property after the life estate of said Rebeccah M. Bell, the widow of A. R. Bell, terminated, to wit: Sarah E. Bell, Annie R. Bell, Thacker H. BellI, and Rebeccah B. Rutledge, wife of complainant, T. J. Rutledge; that said Sarah E. Bell died without issue, leaving her said brothers and sisters as her heirs at law, and the said share of the said Thacker H. Bell in the half interest of his father, A. R. Bell, on the death of the said sister, Sarah, became one-third, and the said F. J. Crampton by his said purchase became entitled to two-thirds of the whole property; that on the death of said Rebeccah M. Bell, the widow

of said A. R. Bell, and of Sarah E. Bell, two-thirds of
the estate of said A. R. Bell in said property became
vested in said Annie R. Bell and Rebecca B. Rutledge,
which amounted to one-third of the whole of said prop-
erey; that said Rebecca B. Rutledge died intestate, leav-
ing orator, T. J. Rutledge, her husband, and three chil-
dren, surviving her, towit, R. H. Rutledge, A. D. Rut-
ledge, and Rebecca S. Rutledge, and afterwards Annie
R. Bell, one of the children of said A. R. Bell, convey-
ed her interest in the property to orator, T. J. Rutledge,
so that one-third interest in all of said property belongs
to orators—said orator, T. J. Rutledge, owning in fee a
one-sixth interest and a life estate in a one-sixth inter-
est, and his children a remainder after his death in one-
sixth, and the said F. J. Crampton owns the other four-
sixths. It is further alleged that the property cannot be
equitably divided between the owners thereof, and that
it is an uninclosd field in no one's possession, except as
the possession is referred to the legal title. The defend-
ants demurred to the bill, and moved to dismiss it for
want of equity. The parts of the will necessary to an
understanding of the opinion are set out therein. The
court granted the motion and dismissed the bill, and
from that decree this appeal is prosecuted.

GUNTER & GUNTER, for appellant.—The right to
maintain the suit is given by the statute even if the hold-
ing of the property is adverse.—Sec. 3187, Code 1896;
*Brown v. Hunter,* 121 Ala. 210. If division in kind rath-
er than a sale was desired, that is the subject of a cross
bill. The objection of laches and limitations have no
application. It matters not how late a man may rise
to eat his own breakfast or to divide with his neighbor
by legal proceedings that which they have long held in
common.—*Parks v. Barnett,* 104 Ala. 443. The 1st
clause of the will merely gives the wife a life estate, al-
though leaving all the property to her, and the 3rd
clause did not in any respect enlarge her estate but
only gave her a power, as a personal trust to change the
investment of the estate, or to sell for any purpose of
the estate and such powers are not in any respect assign-

able or to be executed by other than the designated person in strict exercise of a personal trust.—*Mitchell v. Spence,* 62 Ala. 450; *Sanders v. Wibber,* 39 Cal. 287; *Shelton v. Homer,* 5 Metc. 462; *Carr v. Atkinson,* L. R. 11 Eq. 397; *Ingram v. Ingram,* 2 Ves. Sr., 640; 40th Cent. Dig. sec. 686, pp. 303-4. Such power is not an estate but is a mere authority to dispose of an interest in real property.—*Burleigh v. Clough,* 13 Am. Rep. 23; 40th Cent. Dig. p. 343. There is a clear distinction between a power and a property right.—*Holmes v. Coghill,* 7 Vez. 505. The sale by the probate court is absolutely void as to the heirs as they were not parties to it. *Fletcher v. McAuley,* 63 Ala. 436; 1 Freeman on Judg. sec. 154; 2 Black on Judg. sec. 60. The remaindermen do not take as privies as to the life estate. They take from the testator.—*Fletcher v. McAuley, supra; Gale v. Johnson,* 80 Ala. 398; *Fitts v. Craddock,* 39 South. 506. There was no intention or intent in the act of sale through commissioners appointed by the probate court to exercise the personal powers vested in the life tenant. The proceedings only operated to divest the life tenant of her estate in the lands and as to the remaindermen had no effect.—Sec. 1050, Code 1896; *Jay v. Stein,* 49 Ala. 514; *Matthews v. McDade,* 72 Ala. 377; *Garth v. Townsend,* L. R. 7 Eq. 223; *Marks v. Cowles,* 61 Ala. 299; *Mc Rae v. McDonald,* 57 Ala. 423; *Morris v. Morris,* 58 Ala. 447; *Gindrat v. Montgomery G. L. Co.,* 82 Ala. 596; 596; *Gulf R. C. L. Co. v. O'Neill,* 131 Ala. 117. When a limited estate is given in land to one with a super added power of selling in fee with or without a limitation over after the life estate, the remainder is vested in the heir or limitee, subject to be divested by the exercise of the power and the life tenant has no property but only a naked power as to such remainder.—1 Sug. on Powers, p. 124; 2 Ib. p. 158; *Bradley v. Westcott,* 13 Vez. 445; *Pennock v. Pennock,* L. R. 13 Eq. 144; *Thorington v. Hall,* 111 Ala. 323; 22 A. & Ency. of Law, 1095, 6-7. There can be no delegation of a power or execution of it by an attorney in fact.—1 Sug. on Powers, 213; 22 Ency of Law, 1105-1112; *Mitchell v. Spence, supra; Ingram v. Ingram,* 2 A. T. K. 88; *Alexander v. Alexander,*

2 Ves. Sr., 640; *Attorney General v. Berriman*, Ib. 643. Section 1046 of the Code does not affect this case to the detriment of the contention here made but rather sustains it. The proper construction of that section is that it did not change the law from what it was before except to preserve limitations over on estates that would have been absolute without the statute.—*Alford v. Alford*, 56 Ala. 350; *Hood v. Bramlett*, 105 Ala. 616; *Smith v. Phillips*, 131 Ala. 632; *Young v. Sheldon*, 138 Ala. 448. It does not appear on the face of the bill that the tenants in common have ever been ousted so as to start an adverse holding.—*Parks v. Barnett*, 104 Ala. 443; *Cecil v. Clark*, 30 S. E. 217.

J. M. CHILTON, and FRED S. BALL, for appellee.—The widow took the absolute fee in the land because she had the absolute power of disposition, unaccompanied by any trust opposed to the power. This can be inferred from clauses 2 and 4 of the will.—*Adams v. Mason*, 85 Ala. 454, and cases cited; *Bolman v. Lehman*, 79 Ala. 63. Under the 3rd clause of the will she obtained the express power to sell and dispose of the property as she saw fit.—*Alford v. Alford*, 56 Ala. 350; *Adams v. Mason, supra; Hood v. Bramlett*, 105 Ala. 660; *Mortgage Co. v. Wells*, 109 Ala. 430. Sections 1048, et. seq., of the Code preserve the remainders over if they are expressly declared, but do not affect remainders over, which are implied and not expressed as is the case here.—*Finlay v. Madison*, 83 Ala. 484; *Bolman v. Lehman, supra; Hood v. Bramlett, supra; Mortgage Co. v. Wells, supra*. A gift, conveyance or bequest, even when expressed to be for life, if coupled with a general power under which the whole estate may be disposed of, vests an absolute title in the first taker which an implied remainder or reversion will not cut down to a life estate.—*Flinn v. Davis*, 18 Ala. 132; *Withers v. Patterson*, 30 Ala. 404; *Lehman v. Lehman*, 79 Ala. 66; *Wharton v. Moragne*, 62 Ala. 202; *Allen v. White*, 16 Ala. 181; *Randall v. Schroeder*, 20 Ala. 238; *Denson v. Mitchell*, 26 Ala. 360. Conceding that the wife took no interest and no title but had a bare power of disposition she could execute it

under the circumstances through the probate court.—
*Holloway v. Gregall,* 5 Vez. Jr., 553; *Allen v. Papworth,*
1 Vez. 163; *Irwin v. Farrer.* 1 Vez. Jr., 86; 22 A. & E.
Ency of Law, 1108.    The facts that some of the joint
owners were omitted would not affect the validity of
the proceedings in the probate court.—*Gale v. Johnson,*
80 Ala. 395; *McQueen v. Tyner,* 91 Ala. 273; *Lynch v.
Hammond,* 84 Ala. 197; *Inman v. Prout,* 90 Ala. 362.

ANDERSON, J.—The second clause of the will gave
all of the testator's property to his wife for and during
her natural life, to be used by her for the support and
comfort of "our children according to her direction."
The third clause authorized the wife to "sell and dispose
of such portions of the property as she may think best,
either at public or private sale, and upon such terms as
she may deem advisable." The testator by the fourth
clause directed that "any portion of my estate which
may remain shall be distributed among my heirs and in
accordance with the laws of Alabama." The will gives
an express estate for life, with devise over of what re-
mains undisposed of, with express power in the first ta-
ker "to sell and dispose of such portion of my estate as
she may deem best, at public or private sale, and upon
such terms as she may deem advisable."

Under the common law Mrs. Bell took the absolute es-
tate.—*Bolman v. Lohman,* 79 Ala. 63; *Weathers v. Pat-
terson,* 30 Ala. 404; *Flinn v. Davis,* 18 Ala. 132; *Al-
ford's Adm'r. v. Alford's Adm'r.,* 56 Ala. 350; *Randall
v. Shrader,* 20 Ala. 338; *Allen v. White,* 16 Ala. 181.
The case of *Flinn v. Davis, Allen v. White, and Randall
v. Shrader, supra,* were decided before the Code of 1852
went into operation, and in which appeared for the first
time section 1325 (section 1046 of the Code of 1896),
and which is as follows: "When an absolute power of
disposition, not accompanied by any trust, is given to
the owner of a particular estate for life or years, such
estate is changed into a fee absolute, as to the rights of
creditors and purchasers, but subject to any future es-
tates limited thereon, in case the power is not executed,
or the lands sold for the satisfaction of debts, during the

continuance of such particular estate." Our court, speaking through STONE, J., in *Alford's Case*, 56 Ala. 352, in discussing the meaning and effect of the foregoing statute said: "Whatever doubts may have been entertained of the correct rulings of this court, heretofore made, on the question we are considering those doubts are resolved by the statute copied above, so far as that statute extends. Where a life estate is created, and an absolute power of disposition conferred on the life tenant, this enlarges the life estate into a fee—not absolutely, but in favor, and only in favor, of the creditors and purchasers from the life tenant. But while the estate is thus enlarged in favor of creditors and purchasers, the same statute declares that, in case the power is not executed, nor the lands sold for the satisfaction of debts, during the continuance of the particular estate, the property remains subject to any future estate limited thereon. In this case it is not contended that the power was executed or the proprty sold. We think the statute quoted was, in part, intended to confirm our decisions, so far as they affect creditors and purchasers, and also to protect the estates of those in remainder, in cases where there had been no sale or other execution of the power. Thus construed, the statute meets our hearty approbation; for it cannot be controverted that the principle on which our former decisions have been made to rest has never given satisfaction. The public mind, professional as well as non-professional, has all the while felt that the wish and will of testators have been thereby defeated, rather than carried out. This section of the Revised Code was adopted from the Revised Statutes of New York; and Chancellor Kent has put the same construction on it.—4 Kent's Com. marg. p. 320."

This construction was approved by this court in the case of *Wells v. Am. Mortgage Co.*, 109 Ala. 430, 20 South. 136. The New York court, in the case of *Rose v. Hatch*, 125 N. Y. 427, 26 N. E. 467, is in line with our decisions on this subject. In the case of *Bolman v. Lehman*, 79 Ala. 63, there is language used by STONE, C. J., which while applicable to the case there discussed,

would be misleading when applied to the general rule. There the wife was given the right to sell or dispose of the property, with a remainder over to the children of all property undisposed of. The wife executed a valid mortgage to the property. The court said: "Under all the authorities, as well as the nature of things, Mrs. Bolman took an absolute estate in the property, and could dispose of it as she pleased." We think the court meant that she took an absolute estate, because she had executed the power to dispose of the property and the right of the purchaser was involved, but did not mean that she took an absolute estate to the extent of excluding the remainderman in the event she had made no proper disposition of the property before her death. She took an absolute estate in favor of creditors or purchasers, because she disposed of it pursuant to the will and in a way permitted by the statute. We therefore think that the pivotal question in the case at bar is whether or not Mrs. Bell disposed of the property in compliance with the terms of the will and in conformity with our statute. If she did, the respondent would be a purchaser, and as to him Mrs. Bell took the absolute estate. On the other hand if there was no valid disposition of the property, the remainder over was good, and the children would take under the will, and not by inheritance.

Counsel for appellee contends that Mrs. Bell took an unconditional and absolute fee in the land; but the authorities relied upon do not support this contention, except, perhaps, those that were rendered before the enactment of section 1046 of the present Code. In the case of *Adams v. Mason*, 85 Ala. 454, 5 South. 219, there was no express remainder over as to the legacy bequeathed under the fourth clause of the will, and which was the one construed by the court in holding that an absolute title was vested in "Dinah." The case of *Hood v. Bramlett*, 105 Ala. 660, 17 South. 105, supports our conclusion in the case at bar. The court in that case upheld the remainder over as to one-half of the estate, but held that the life tenant took an absolute estate as to the other half, because there was no express remainder over as to said half, and that a remainder by implication could

not affect the estate of the present taker, who was given full power of disposition. In the case of *Smith v. Phillips,* 131 Ala. 629, 30 South. 872, there was no express remainder over as to the house and lot given "Joseph Fitzpatrick", and as the property was given him for life, with full power to dispose of same, he took an absolute estate. The will in the case at bar authorized Mrs. Bell to dispose of the estate as she may think best, "either at public or private sale." Section 1052 of the Code of 1896 is as follows: "No power of disposing of real estate can be executed, except by an instrument in writing which would be sufficient in law to pass the estate or interest intended to pass under such power, if the person executing the power were the actual owner."

Section 982 of the Code of 1896 says: "Conveyances for the alienation of lands must be written or printed, or partly written and partly printed, on parchment or paper, and must be signed at their foot by the contracting party, or his agent having a written authority; or if he is not able to sign his name, then his name must be written for him, with the words 'his mark' written against the same, or over it. The execution of such conveyance must be attested by one witness, or, where the party cannot write, by two witnesses who are able to write, and who must write their names as witnesses." The bill avers that the only attempt made by Mrs. Bell to execute the power of disposition was by joining with the widow of Wm. B. Bell (whose estate owned one-half of the property) in a petition to the probate court to sell the land for division, and that it was sold under an order of said court, etc. The bill also avers "that the said life tenant never exercised the power given in the third clause of said will to sell said property." The rule of construction is that, when conditions are attached to the execution of a power they must be strictly complied with, while the power itself is liberally construed to effect the true purpose and intent of the donor; and in considering the exercise of a power, courts look to the intent, so that an informal execution will be held sufficient, when not prohibited by Statute. 22 Am. & Eng. Ency. Law, subtit. "Powers." We have a statute, however, prescribing how

powers must be exercised, and there is no latitude for the courts to uphold any exercise thereof short of a substantial compliance with the statute. Moreover, the bill avers that Mrs. Bell petitioned for a sale for a division among herself and the heirs of W. B. Bell, and did not make the remaindermen parties; nor does the bill aver that she was acting in her executorial capacity when she joined in the petition for a sale by the probate court. If she was acting individually, and under the assumption that she took an absolute estate under the will, and was merely seeking to divide the estate between herself and the heirs of Wm. B. Bell, then her action was not even an attempt to execute the power of sale given her in the will, the execution of which in compliance with the statute was essential to cut off the remaindermen.

Section 1052 has been construed by the court of New York, the state from which the same was taken, in the case of *Jackson et al. v. Edwards, et al.,* 22 Wend. (N. Y.) 498, wherein the court says: "Without an execution of the power of appointment by Mrs. Edwards, it was, I think, impossible to make a good title to the property during the lifetime of the husband. Her children, who had a contingent remainder in fee, and who would take the estate in the event of her death, living the husband, and without an execution of the power, were not parties to the proceeding. The power was to be executed either by deed or will, and neither the assent of Mrs. Edwards to a sale in her answer, nor her approval indorsed on the draft of the decree, can be regarded as a good execution of the power. Except by will, she could only execute it by an instrument duly acknowledged on a private examination, in the manner prescribed by law in relation to other conveyances by married women; and without such an acknowledgment the statute expressly provides that the grant 'shall not be a valid execution of the power.'" In the case of *Mathews v. McDade,* 72 Ala. 377, the court upheld the sale, notwithstanding the order of sale was void, and referred the same to the power conferred by the will, and not the order of the court. The executor, however, executed a deed to the purchaser, which brought the sale within the requirements of sec-

tion 1052. In the case of *McRae's Adm'r v. McDonald,*
57 Ala. 422, the court held that, while the order of sale
was nugatory, it was an intention to execute the pow-
er conferred by the will. "The petition and order were
to sell for the purpose of discharging the duties requir-
ed by the will.  *   *   *   The order being to sell under
the powers of the will, any sale made under it must of
necessity be a sale under the powers of the will." It
does not appear that the deed was ever executed, or any-
thing done in the *McRae Case* to bring the execution of
the power within the requirements of section 1052, as
the will in that case authorized the executor to sell on
credit, and not to make a deed until the purchase money
was paid; and the bill, which was one for specific per-
formance, went off because the proof failed to show pay-
ment of the purchase money. The bill in the case at
bar avers that the petition was for sale for division, and
does not aver that Mrs. Bell filed it as executrix; and,
while the statute provides that the deed must be made to
the purchaser by the executor when a sale is made for
division at her instance, it provides for a sale and con-
veyance by a commissioner, when made at the instance
of one or more joint owners. We therefore think that
the averments of the bill negative such an execution of
the powers of sale as was authorized by the will, and in
conformity with out statutes on the subject, and did not
cut off the remaindermen.

Until the life tenant did such an act as to defeat the
remainder, the children of the testator were interest-
ed, and no proceeding for a sale for division would be
binding on them, unless parties thereto.—*Gayle v. John-
ston,* 80 Ala. 398; *McQueen v. Turner,* 91 Ala. 273, 8
South. 863.

The bill expressly negatives any adverse possession of
the property.

The judge of the city court erred in dismissing the bill
for want of equity, and the decree must be reversed, and
the cause remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ.,
concur.

ON REHEARING.

ANDERSON, J.—The foregoing opinion was prepared upon the assumption that the will created no trust, and that the wife was the absolute owner of the life estate, and that the case came within the influence of section 1046 of the Code of 1896; and the question was dealt with as if there was no trust. If the property was given Mrs. Bell in trust, then she did not take the absolute estate under section 1046. On the other hand, if said section applies, she did not take an absolute estate, except as to creditors and purchasers (purchasers at a sale under the power), for the reason that there is an express remainder over to the children of all property undisposed of by Mrs. Bell before her death, ex vi termini, not disposed of under the terms of the will and as authorized by the statute, and which said disposition was essential to cut off the express remainder over to the children. It is insisted by counsel for appellee in one of the briefs for rehearing that no reference is made in the original opinion to the proposition, contended for. "that by virtue of the statute (Code 1896, § 1046), as construed by numerous decisions of this court, the title in fee vested in Mrs. Bell the alleged tenant for life." It is to be regretted that we did not make ourselves understood in the former opinion as to this question, though quoting the statute and commenting on the authorities then relied upon by counsel. We repeat that Mrs. Bell did not take the absolute estate, except as to creditors or purchasers, because she was given but a life estate; and, while she was given the power of sale, there is an express remainder over to the children of the property undisposed of by Mrs. Bell at the time of her death. There is no authority cited by counsel, or that can be found in the books, except those rendered prior to the code of 1852, that holds that Mrs. Bell took an absolute fee in the property, except as to purchasers and creditors—purchasers who acquired a title under the power. In other words, suppose she made no attempt to dispose of the property before her death, but attempted to will it to

[Rutledge, et al. v. Crampton, et al.]

a stranger; could it be said there was no remainder over to the children? We think not.

We have attempted to point out in the opinion why the authorities therein discussed did not conflict therewith, and will now discuss only those apthorities cited in brief upon rehearing and not discussed in the original opinion. The case of *Pondly v. Madison's Adm'r.*, 83 Ala. 484, 3 South. 618, is not in point, as the life tenant was given no power of disposition and the remainder over was upheld. In the case of *Wells v. American Mtg. Co.*, 109 Ala. 430, 20 South. 136, there was no limitation over, and, as the life tenant was given the right of disposition, the court properly held that he took an absolute estate, same as was held in the *Phillips Case*, 131 Ala. 629, 30 South. 872. We still think the pivotal point in this case is whether or not Mrs. Bell has executed the power of sale in such a manner as to constitute the respondent a purchaser and cut off the remainder under the terms of section 1046.

Our attention is called to the case of *Phelps v. Harris*, and authorities there cited and considered in 101 U. S. 370, 25 L. Ed. 855, wherein it is held, and properly so, that the right to sell and dispose of the property gave the right to partition, and wherein a proper distinction is made between the words "sell" and "dispose"; but such cannot be the meaning of the word "dispose" in the case at bar, for the words as used in the will of Bell are synonymous, for, while it says "sell and dispose" of as she may think best, it further says, "either at public or private sale," thus directing the method of disposition and limiting it to a conveyance, and bringing the case under the influence of sections 1052 and 982 of the Code of 1896. It is true she may have petitioned for the sale in writing; but the statute requires such an instrument in writing, "which would be sufficient in law to pass the interest or estate intended to pass under such power, if the person executing the power were the actual owner," and the petition was not sufficient to pass title. Nor can the power of disposition in this case become so absolute under section 1049 as to give Mrs. Bell the right to make any kind of a disposition of the property, for the reason

that she could not dispose of the fee for her own benefit, as the will gives it to her for the benefit of herself and children.

The case of *Rice v. Bamberg*, 68 S. C. 184, 46 S. E. 1009, is an authority in support of our conclusion that Mrs. Bell did not by joining in the petition for partition, execute the power of disposition in such a way as is required by the will and the statute.

The rehearing is denied.