(112 So. 241)

### THOMPSON v. YOUNG. (6 Div. 841.)

Supreme Court of Alabama. March 31, 1927.

1. Wills ⬤⟲600(1)—Will devising realty for life with right of disposition by will as devisee wished vested entire fee in her; "absolute power of disposition" (Code 1923, §§ 6928–6931).

Under Code 1923, §§ 6928–6931, will devising realty to testator's daughter for life with right to dispose of it by will as she saw fit invested her with entire fee, so as to entitle her to enforce contract for purchase thereof; she having "absolute power of disposition," within sections 6930, 6931, as donee of general and beneficial power to devise inheritance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Absolute Power of Disposition.]

2. Wills ⬤⟲694—Residuary clause held not to affect life tenant's absolute power to dispose of fee (Code 1923, §§ 6928–6931).

Residuary clause of will devising realty to testator's daughter for life with right to dispose of it by will as she saw fit had no effect on question of her right to dispose of fee, as property, if power were never executed, would descend to donee's heirs, under Code 1923, §§ 6928–6931.

3. Wills ⬤⟲600(3)—Life tenant's absolute power to dispose of fee held not affected by statute as to collateral or naked powers (Code 1923, §§ 6928–6931, 6935).

Code 1923, § 6935, relates only to collateral or naked powers not affected by sections 6928–6931, as to absolute powers of life tenants and others to dispose of fee.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill for specific performance of a contract by Sarah Jane Young against R. Du Pont Thompson. From a decree overruling a de-

murrer to the bill, defendant appeals. Affirmed.

R. Du Pont Thompson, of Birmingham, for appellant.

An expressed estate for life, given by will, negatives the intention to give the absolute property, and converts words conferring a right of disposition into a mere power. Denson v. Mitchell, 26 Ala. 360; Thrasher v. Ingram, 32 Ala. 660; Alford v. Alford, 56 Ala. 356; McRee's Adm'r, 34 Ala. 369; Whorton v. Moragne, 62 Ala. 212; Pendley v. Madison's Adm'r, 83 Ala. 484, 3 So. 618; Jemison v. Brasher, 202 Ala. 578, 81 So. 80; Nabors v. Woolsey, 174 Ala. 289, 56 So. 533; 39 Cyc. 1089. The right of disposition of appellee may be exercised only by will. Code 1923, § 6935; Nabors v. Woolsey, supra.

A. Leo Oberdorfer and Albert A. Rosenthal, both of Birmingham, for appellee.

A conveyance to a donee for life, with power on the part of the donee to devise the inheritance, is an absolute power of disposition, and, if the power is not accompanied by any trust and no remainder is limited on the estate of the donee, the donee has an absolute fee. Code 1923, §§ 6928–6931; Hood v. Bramlett, 105 Ala. 660, 17 So. 105; Nabors v. Woolsey, 174 Ala. 289, 56 So. 533; Hume v. Randall, 141 N. Y. 499, 36 N. E. 402; Hershey v. Meeker, 71 Minn. 255, 73 N. W. 967; Thompson on R. E. § 2208; Deegan v. Wade, 144 N. Y. 573, 39 N. E. 692. An ulterior estate limited on a power of disposition must rest upon express limitations and not upon mere implication. Hood v. Bramlett, supra; Adams v. Mason, 85 Ala. 452, 5 So. 219; Wells v. Amer. Mortg. Co., 109 Ala. 430, 20 So. 136; Smith v. Phillips, 131 Ala. 629, 30 So. 872; Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157.

SAYRE, J. Item 3 of the last will and testament of Thomas Turner, Sr., provided:

"I will and devise to my beloved daughter, Sarah Jane Young, the following real estate, to wit (the property described in the bill), for and during her natural life, with the right and authority on her part to dispose of the same by will in any manner and to whom she sees fit, at the time of her death."

To Thomas Turner, Jr., a son of testator, the will gave a described property and added the following:

"I give and bequeath to said Thomas Turner all the rest and residue of my estate, real, personal and mixed, not hereinbefore devised."

The parties to this appeal entered into a contract by which appellee undertook to convey to appellant the entire fee in the property devised to her. The bill is filed to enforce that contract. A demurrer, taking the ground

that appellee, on the facts alleged, could dispose of a life estate only, was overruled. This appeal followed.

[1] As for the matter of interpretation Denson v. Mitchell, 26 Ala. 360, which had to do with a will that went into effect in 1851, is an apt authority for the proposition that, apart from any effect to be attributed to certain sections of the Code, to which we shall refer, the first quoted item of the will here in question vested in appellee a life estate only. In that case—Denson v. Mitchell—testator's will gave to his widow certain property "all of which she is to have and hold during her natural life, and at her death to dispose of at her own will and pleasure." The court said that the authorities, both English and American, were generally agreed that an express estate for life, given by will, negatives the intention to give the absolute property, and converts superadded words conferring a right of disposition into words of mere power. That case in more recent years has been cited by this court as stating a correct rule of interpretation. Mims v. Davis, 197 Ala. 88, 72 So. 344; Jones v. Sandlin, 205 Ala. 67, 87 So. 850; Pendley v. Madison, 83 Ala. 484, 3 So. 618. Other cases to the same effect might be cited.

But appellee refers to statutes which had no part in Denson v. Mitchell, now sections 6928, 6929, 6930, and 6931 of the Code, as converting the life estate devised to her into a fee simple. More particularly, the reliance is upon section 6930. These sections have been the subject of frequent consideration and a discussion of them in all their bearings may be pretermitted. Section 6930 is:

"In all cases where such absolute power of disposition is given, not accompanied by any trust, and no remainder is limited on the estate of the donee of the power, he has an absolute fee."

The case turns upon the meaning to be assigned to the words "absolute power of disposition" in section 6930. Section 6931 furnishes legislative definition:

"Every power of disposition is deemed absolute, by means of which the donee of such power is enabled in his lifetime to dispose of the entire fee for his own benefit; and where a general and beneficial power to devise the inheritance is given to a tenant for years or for life, it is absolute within the meaning of the last two sections"—meaning sections 6929 and 6930 of the Code of 1923.

The power conferred on the life tenant in this case must be ranged under the second clause of the section last quoted (6931); that is, the tenant for life is given a general and beneficial power to devise the inheritance. Such a power is deemed absolute and that definition applies in the present case for the reason that the power is not accompanied by any trust; and no remainder is limited on the estate of the donee of the power; that being the case provided for in section 6930. And the power is a beneficial power within the meaning of section 6931 for the reason that no one other than the donee is interested in its execution. 31 Cyc. p. 1011. The power is general also for the reason that the donee in its execution is not restricted to designated beneficiaries. 31 Cyc. p. 1040.

[2] Further, the residuary clause of the will, noted in our statement of the facts shown, has no effect upon the question presented for decision, for, should the power never be executed, the property involved would, by reason of the statutes to which we have referred, descend to the heirs of the donee.

[3] Again, let it be noted, our judgment is that section 6935 has to do with interests and powers not affected by sections 6928–6931 of the Code; relates, in other words, to collateral or naked powers.

The result is that appellee is invested with the entire fee and appellant's objection to the enforcement of the contract of sale was not well taken. Hood v. Bramlett, 105 Ala. 660, 17 So. 105.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.